IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MILDRED THORTON,**

    **Plaintiff,**

**v.**   Civil Action No. 3:10-cv-0890

**BLUESTEM BRANDS d/b/a/**
**FINGERHUT DIRECT MARKETING INC.,**

    **Defendant.**

## COMPLAINT

Plaintiff Mildred Thorton brings this action for damages against the Defendant for unlawful debt collection and other unlawful conduct prohibited by the West Virginia Consumer Credit Protection Act, W. Va. Code § 46A-1-101, *et seq*., the common law and the public policy of the United States and the State of West Virginia.

## PARTIES

1. Mrs. Thorton, is and at all times relevant herein was, a citizen of Putnam County, West Virginia.

2. Defendant, on information and belief, is a consumer credit company located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota, 55344.

## JURISDICTION

3. Jurisdiction is appropriate in this Court because diversity of citizenship exists between both of the parties to this action and the amount in controversy exceeds the statutorily required total of $75,000.

4.	Venue is appropriate because the events supporting this action and the damages accrued by Mrs. Thorton occurred in Putnam County, West Virginia, which is located within the Southern Federal District of West Virginia.

## FACTUAL SUMMARY

5.	Shortly after her husband passed away, Mrs. Thorton began receiving mailed offers of credit from the Defendant.

6.	On or about September of 2005, Mrs. Thorton responded to the Defendant's offer and opened a charge account with the Defendant.

7.	Mrs. Thorton made timely payments to her account every month until July of 2009, when she suffered a crippling back injury that hospitalized her for an extended period and caused her severe financial distress.

8.	Mrs. Thorton continued making timely payments until falling behind on her account on or about November of 2009.  Immediately thereafter, the Defendant began calling Mrs. Thorton on an average of three times a day in an attempt to collect the debt it was allegedly owed.

9.	By its letter of December of 2009, Defendant informed Mrs. Thorton that she did not qualify for its Hardship Retention Program, despite the fact that the Defendant never offered her participation in such a program.

10.	Similarly, Mrs. Thorton made additional payments of seven dollars per month to the Defendant for enrollment in its Safeline Protection Program, which was supposed to allow her a six-month, penalty-free deference of payments in the case of emergency.  However, Mrs. Thorton was denied participation in the program, and was further charged for this program even after denial of participation by the Defendant.

11. The Defendant's calls continued and increased in frequency through January and February of 2010.

12. As her balance inexplicably and substantially grew per each statement, Mrs. Thorton requested from the Defendant an itemized statement of the charges to her account by email on March 4, 2010. However, Fingerhut responded and expressly refused to honor Mrs. Thorton's request, claiming that such information was "unavailable."

13. Notably, Mrs. Thorton continued making an effort to pay as much as she could afford towards the balance of her account. However, because the required monthly minimum payments were inexplicably high, she was unable to satisfy them, and the harassing calls continued.

14. On March 6, 2010, Mrs. Thorton specifically requested, again by email to the Defendant's customer service center, that Defendant "please not call her cell phone" with regards to the alleged debt. The Defendant responded in turn that same day and confirmed receipt of her request.

15. Nonetheless, Mrs. Thorton's specific request to cease calling was blatantly ignored, as the Defendant has called her cellular phone on at least one-hundred and ninety (190) separate occasions since March 6, 2010 in attempt to collect the debt she allegedly owes the Defendant.

16. On April 28, 2010, Mrs. Thorton informed the Defendant that she was represented by the undersigned counsel, provided the undersigned counsel's contact information, and requested that all further communication with regard to her alleged debt be directed to the undersigned counsel.

17. Predictably, Mrs. Thorton's request was once again ignored, as the Defendant has communicated directly with her since being informed that she is represented by counsel.

## COUNT I: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code § 46A-2-125)

18. The Plaintiff incorporates the preceding paragraphs by reference.

19. The Defendant caused Mrs. Thorton's telephone to ring and/or engaged her in telephone conversations at times known to be inconvenient with the intent to annoy, abuse, and/or threaten Mrs. Thorton.

20. More specifically, the Defendant called Mrs. Thorton on her cellular telephone on at least 190 occasions after her express instruction and request on March 6, 2010 that the Defendant no longer call her cell phone.

21. These phone calls were placed by Defendant to Mrs. Thorton's cellular telephone in violation of W. Va. Code § 46A-2-125(d).

## COUNT II: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code § 46A-2-127(h))

22. The Plaintiff incorporates the preceding paragraphs by reference.

23. Mrs. Thorton made additional payments of seven dollars per month for enrollment in the Safeline Protection Program, which was supposed to allow her a six-month, penalty-free deference of payments in the case of emergency.

24. By letter of December of 2009, Defendant informed Mrs. Thorton that she did not qualify for a similar program that it referred to as its Hardship Retention Program, although Mrs. Thorton had neither been offered participation in nor applied for participation in a program of this name.

25. These actions constitute false representation and/or impressions made by the Defendant towards Mrs. Thorton about the status and/or true nature of or the services rendered by

the Defendant, in violation of W. Va. Code § 46A-2-127(h).

## COUNT III: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code § 46A-2-128(e))

26. The Plaintiff incorporates the preceding paragraphs by reference.

27. The Defendant communicated with Mrs. Thorton even after she specifically informed the Defendant on April 28, 2010 that she was represented by an attorney and provided the Defendant with the name and contact information of her attorney.

29. Each of these communications by the Defendant with Mrs. Thorton violates W. Va. Code § 46A-2-128(e).

## COUNT IV: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code Sections 46A-2-115, -128)

30. The Plaintiff incorporates the preceding paragraphs by reference.

31. The balance of Mrs. Thorton's account with the Defendant inexplicably grew after she fell behind on her payments for the first time around November of 2009.

32. Despite her express request, Defendant refused to provide Mrs. Thorton with an explanation and itemization of the charges and expenses on her account.

33. Hence, on information and belief, the Defendant collected and/or attempted to collect default charges, collection expenses and other charges and expenses from Mrs. Thorton in violation of sections 46A-2-115, -128.

## COUNT V: TORT OF OUTRAGE

34. The Plaintiff incorporates the preceding paragraphs by reference.

35. The aforementioned actions of the Defendant are extreme and outrageous, and have caused Mrs. Thorton substantial and severe emotional distress.

36. The Defendant's actions were designed to intentionally cause Mrs. Thorton emotional distress. Alternatively, the Defendants knew or should have known that their actions would cause Mrs. Thorton emotional distress.

37. As a result of Defendant's actions towards her, Mrs. Thorton has experienced bodily and psychological harm, and she has undergone extensive treatment and therapy related thereto.

## COUNT VI: INVASION OF PRIVACY

38. The Plaintiff incorporates the preceding paragraphs by reference.

39. The aforementioned actions of the Defendant towards Mrs. Thorton represent an unlawful and unreasonable intrusion upon her personal seclusion.

40. As a direct and proximate result of the Defendants' unlawful and unreasonable conduct, Mrs. Thorton has suffered and continues to suffer substantial emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance and inconvenience.

## COUNT VII: PUNITIVE DAMAGES

41. The Plaintiff incorporates the preceding paragraphs by reference.

42. The aforementioned actions of the Defendant were willful, wanton, and carried out with reckless disregard for the legal rights of Mrs. Thorton.

43. Therefore, the intentional and unlawful conduct of the Defendant supporting Mrs. Thorton's claims for the torts of outrage and invasion of privacy justify an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mrs. Thorton respectfully requests the following relief from the Defendant:

(a) Actual damages;

(b)   Cancellation of the debt she allegedly owes to the Defendant, due to the Defendant's willful violations of this chapter and pursuant to W. Va. Code § 46A-5-105;

(c)   Pursuant to W. Va. Code §§ 46A-5-101(1) & 106, civil penalties of $4400 for each individual statutory violation listed above;

(d)   Reasonable attorney fees and costs pursuant to W. Va. Code § 46A-5-104;

(e)   Punitive damages; and

(f)   Such other relief as the Court deems equitable and just.

**A JURY TRIAL IS DEMANDED**

**MILDRED THORTON**
By Counsel

s/Sean W. Cook
_____
Sean W. Cook (Bar #10432 )
Meyer Ford Glasser & Radman
120 Capitol Street
Charleston, WV  25301
(304) 345-3900
(304) 345-0270-f